IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DERRICK ARNOLD, #230 214, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | CIVIL ACTION NO. 2:19-CV-62-WKW |
| | ) | [WO] |
| STATE OF ALABAMA, *et al.*, | ) | |
| | ) | |
|     Defendant. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Plaintiff challenges matters which occurred during state-court proceedings in the Circuit Court for Talladega County, Alabama. The Circuit Court for Talladega County is located in Talladega, Alabama, which is within the jurisdiction of the United States District Court for the Northern District of Alabama.

Upon review of the factual allegations presented in the complaint, the court concludes that this case should be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1404.[1]

## I.  DISCUSSION

A civil action filed by an inmate under authority of 42 U.S.C. § 1983 "may be brought . . . in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) if there is no district in which an action may otherwise be brought as provided in this section,

---

[1] Plaintiff's complaint is accompanied by a request for leave to proceed *in forma pauperis*. Doc. 2. The assessment and collection of any filing fee, however, should be undertaken by the United States District Court for the Northern District of Alabama.

any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). The law further provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought . . ." 28 U.S.C. § 1404(a).

The actions about which Plaintiff primarily complains occurred in the Circuit Court for Talladega County in Talladega, Alabama, which is within the jurisdiction of the United States District Court for the Northern District of Alabama. Thus, the majority of material witnesses and evidence relevant to Plaintiff's allegations are located in the Northern District of Alabama. While Plaintiff also names a defendant located in the United States District Court for the Middle District of Alabama, based on the primary challenges asserted in the complaint, the court finds that the review of the claims against this defendant would more appropriately be undertaken by the United States District Court for the Northern District of Alabama.

In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court for the Northern District of Alabama for review and determination.[2]

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1404.

---

[2] In so ruling, the court does not preliminarily scrutinize the merits of Plaintiff's complaint.

It is further ORDERED that **on or before March 14, 2019**, Plaintiff may file an objection to this recommendation.  Any objection filed must specifically identify the findings in the Magistrate Judge's recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  Plaintiff is advised this recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar a party from a *de novo* determination by the District Court of issues covered in the recommendation and shall bar a party from attacking on appeal factual findings in the recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE on the 28th day of February, 2019.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE